COURT OF APPEALS
DECISION
DATED AND FILED

March 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.  **2018AP1677**

STATE OF WISCONSIN

Cir. Ct. No. 2017CV13552

IN COURT OF APPEALS
DISTRICT I

VLADIMIR GOROKHOVSKY,

   PETITIONER-APPELLANT,

 V.

STATE PUBLIC DEFENDER OFFICE AND BOARD OF
DIRECTORS OF THE STATE PUBLIC DEFENDER OFFICE,

   RESPONDENTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed*.

Before Brash, P.J., Blanchard and Dugan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Vladimir Gorokhovsky appeals the circuit court's order affirming the decision of the State Public Defender Board.[1] He argues: (1) the Board improperly failed to consider client satisfaction surveys that were favorable to him; (2) the Board failed to provide a rational explanation for choosing to decertify him for a period of two years; (3) the Board violated his substantive due process rights and his rights under WIS. ADMIN. CODE § PD 1.08(1) (through February 2021);[2] and (4) the Board's factual findings with regard to one of the cases in which he acted as appointed counsel were not supported by substantial evidence. We affirm.

¶2 The State Public Defender decided to permanently decertify Gorokhovsky from the list of attorneys eligible to receive appointments based on his lack of candor with the circuit court, his poor performance, and his lack of preparation in representing his clients. Gorokhovsky appealed the decision to the State Public Defender Board. The Board affirmed decertification, but it reduced the length to two years. The circuit court affirmed the Board's decision. Gorokhovsky now appeals to this court.

¶3 Gorokhovsky argues that the Board improperly failed to consider client satisfaction surveys that he submits were favorable to him, which were received by the Board as Exhibit 11 at its hearing dated November 16, 2017. Gorokhovsky's argument is premised on the fact that Exhibit 11 was not included

---

[1] We review the decision of the Board, not the circuit court. *Gabler v. Crime Victim Rights Bd.*, 2017 WI 67, ¶24, 376 Wis. 2d 147, 897 N.W.2d 384.

[2] All references to the Administrative Code are to the February 2021 Register.

in the record that the Board transmitted to the circuit court. The Board acknowledges that the exhibit has been misplaced.

¶4     As a preliminary matter, we note that the fact that the surveys were misplaced *after* the Board's hearing does not necessarily mean that the Board did not consider the surveys in rendering its decision. Regardless, Gorokhovsky fails to show how client surveys expressing some form of satisfaction based on the clients' perceptions could have been relevant to the reasons that the Board decertified Gorokhovsky. The Board decertified him for his lack of candor with the circuit court in *State v. Davidson*, Milwaukee County Circuit Court case Nos. 15CM2891 and 16CM57, his inadequate understanding of criminal procedure in *State v. Clay*, Milwaukee County Circuit Court case No. 16CF2010, and his failure to take responsibility for his shortcomings. Assuming without deciding that many of Gorokhovsky's clients expressed satisfaction, Gorokhovsky fails to persuade us that this would have been relevant to the specific issues evaluated by the Board. Therefore, we reject Gorokhovsky's argument that he is entitled to relief because the Board improperly failed to consider his client satisfaction surveys, and we also reject any implicit alternative argument that the Board was required to give the surveys weight in his favor.

¶5     Separately, Gorokhovsky argues that the Board did not provide an adequate explanation as to why it decided to decertify him for a period of two years and not for a lesser period. The Board has the power to affirm, reverse, or modify certification decisions of the State Public Defender pursuant to WIS. ADMIN. CODE § PD 1.05(6). WISCONSIN STAT. § 227.47(1) (2019-20) provides

that agency decisions "shall be in writing accompanied by findings of fact and conclusions of law."[3]

¶6 The Board issued findings of fact and conclusions of law that provide ample explanation for its decision. Although the Board did not explicitly explain why it chose to be more lenient than the State Public Defender, its decision to reduce the term is supported by specific factual findings in Gorokhovsky's favor, and Gorokhovsky fails to persuade us that the Board was obligated to settle on a period shorter than two years based on the Board's findings as a whole.

¶7 Separately, Gorokhovsky argues that the State Public Defender violated his substantive due process rights and his rights under WIS. ADMIN. CODE § PD 1.08(1) by presenting evidence from the Board's confidential file regarding his prior suspensions and prior investigations about him. Section PD 1.08(1), which addresses access to files held by the State Public Defender's Office, provides:

> The state public defender may not disclose the contents or substance of any review or investigation prior to issuing a decision under s. PD 1.03, unless ordered to do so by the chairperson of the public defender board or a court, or unless the attorney who is the subject of the review or investigation first discloses the contents or the substance of the review or investigation.

¶8 This rule has the obvious intent of limiting the State Public Defender's ability to release information outside necessary channels about an investigation before it issues its decision in a matter. It would be absurd to

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

interpret this rule to preclude the State Public Defender from disclosing its investigation files to the Board, the entity charged with reviewing the propriety of the State Public Defender's decision; the Board could not be prohibited from considering information over which it has control and authority to release to others. Further, even assuming a violation of this administrative rule, Gorokhovsky has not presented a cogent argument that his substantive due process rights would have been implicated by a violation. The United States Supreme Court explained long ago that "[m]ere violation of a state statute does not infringe the federal Constitution." *Snowden v. Hughes*, 321 U.S. 1, 11 (1944).

¶9 Separately, Gorokhovsky argues that the Board's factual findings regarding *Clay*, Milwaukee County Circuit Court case No. 16CF2010, were not supported by substantial evidence. An agency's factual findings must be supported by substantial evidence in the record. WIS. STAT. § 227.57(6). "[A] court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact." *Id.*

¶10 The Board made the following factual findings regarding *Clay*: the State Public Defender had received complaints about Gorokhovsky's performance in multiple cases, including *Clay*; Gorokhovsky improperly

> attempted to argue at a preliminary hearing that the criminal complaint had to show probable cause for a stop and seizure of a client, and … the court had to explain to [him] that the contents of a criminal complaint are not an issue to decide at a preliminary hearing.

Gorokhovsky's representation in *Clay* demonstrated that he lacked an adequate understanding of criminal procedure.

¶11 These factual findings are well supported by the Board hearing transcripts. The transcripts demonstrate that Gorokhovsky did not understand basic principles of criminal procedure. They show that Gorokhovsky improperly attempted to argue the insufficiency of the allegations within the four corners of the complaint after evidence had been taken at the preliminary hearing, and that he improperly attempted to argue suppression issues at the preliminary hearing. They also show that Gorokhovsky attempted to impeach a police officer at the suppression hearing with the officer's testimony at the preliminary hearing based on Gorokhovsky's memory of the officer's testimony, as opposed to through use of a transcript of the preliminary hearing testimony, because Gorokhovsky had not ordered the preliminary hearing transcript. We reject Gorokhovsky's claim that the Board's factual findings regarding *Clay* were not supported by substantial evidence.[4]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Gorokhovsky asserts in his brief that he *did* file a motion to dismiss the complaint prior to the preliminary hearing in *State v. Clay*, Milwaukee County Circuit Court case No. 16CF2010, in support of the idea that he had a proper basis to argue that the complaint was insufficient on its face. However, this court's review of an agency's decision is "confined to the record." WIS. STAT. § 227.57(1). Gorokhovsky's assertion is not support by any evidence in the record.

6